UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES J LYLES, General Administrator and Administrator ad Prosequendum of the Estate of ALISHA RENEE WILLIAMS and General Administrator and Administrator ad Prosequendum of the Estate of AMARI KOMAN CHARLES,<br><br>*Plaintiff,*<br><br>-Against-<br><br>KIA MOTORS CORPORATION, KIA MOTORS AMERICA, INC., and JOHN DOES 1-100,<br><br>*Defendants.* | Civil Action No.: |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

### NOTICE OF REMOVAL ON BEHALF OF DEFENDANTS KIA CORPORATION AND KIA AMERICA, INC.

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441(a), 1446, Defendants, Kia Corporation, f/k/a Kia Motors Corporation (hereinafter "KC") and Kia America, Inc., f/k/a Kia Motors America, Inc. (hereinafter "KA") by and through their counsel Lavin, Cedrone, Graver, Boyd & DiSipio, 1300 Route 73, Suite 307, Mt. Laurel, NJ 08054, hereby remove the above action, pending as civil action number ATL-L-000631-21 in the Superior Court

of New Jersey, Atlantic County, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendants KC and KA aver as follows:

## BACKGROUND

1. Plaintiff Charles J. Lyles is a citizen of New Jersey, based on the citizenship of decedents Alisha Williams and Amari Koman Charles, residing at 16 Gulph Mill Road, Somers Point City, New Jersey 08244; Defendant KC is a foreign corporation existing under the laws of the Republic of Korea, with its principal place of business at 12, Heolleung-ro, Seocho-gu, Seoul, Republic of Korea 06797; and Defendant KA is a California corporation, with its principal place of business at 111 Peters Canyon Road, Irvine, California 92606.

2. This civil action was commenced by Plaintiff on February 25, 2021, and is pending in the Superior Court of New Jersey, Atlantic County, a court located within this District, under Docket No. ATL-L-000631-21. A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

3. Plaintiff filed an Amended Complaint on February 26, 2021. A copy of Summons and Plaintiff's Amended Complaint is attached hereto as Exhibit B.

4. This case arises out of a motor vehicle accident which resulted in the death of Alisha Williams and Amari Koman Charles, her son. Plaintiff's Amended Complaint asserts allegations of automotive defect and claims under strict liability, negligence and breach of warranty. Plaintiff's Complaint seeks recovery pursuant to Wrongful Death and Survivorship, amongst other statutes. See Exhibit B.

5. Plaintiff's Amended Complaint alleges that Alisha Williams purchased a 2015 Kia Soul (hereinafter "subject vehicle") in 2018 from Milenium, Inc., d/b/a Sport Hyundai (hereinafter "Milenium") as a used car. Milenium was initially a defendant in this action. See Exhibit B.

6. The accident involved another vehicle, driven by Nancy Cavanaugh, who was not initially a defendant. Milenium joined Cavanaugh as a third party to the lawsuit on March 18, 2021. A copy of Milenium's Answer with Third Party Complaint is attached hereto as Exhibit C.

7. Milenium was voluntarily dismissed by the parties by stipulation, filed on October 12, 2021. A copy of the Stipulation Dismissing Defendant Milenium is attached hereto as Exhibit D.

8. On October 13, 2021, the third party complaint against Cavanaugh was voluntarily dismissed. A copy of the Voluntary Dismissal is attached as Exhibit E.

9. KA filed an Answer to Plaintiff's Amended Complaint on June 1, 2021. A copy of KA's Answer to Plaintiff's Amended Complaint is attached hereto as Exhibit F.

10. KC filed an Answer to Plaintiff's Amended Complaint on June 28, 2021. A copy of KC's Answer to Plaintiff's Amended Complaint is attached hereto as Exhibit G.

11. Milenium filed its Answer to Plaintiff's Amended Complaint on March 18, 2021. See Exhibit C.

## GROUNDS FOR REMOVAL

12. This Court has jurisdiction of this action under 28 U.S.C. § 1332.

13. Removal is now proper in the instant case because there is diversity of citizenship as to all properly joined parties and the amount in controversy exceeds the sum of $75,000.

14. Plaintiff Charles J. Lyles was, and still is, a citizen of New Jersey, based on the citizenship of decedents Alisha Williams and Amari Koman Charles, each of whom were citizens of New Jersey prior to their deaths. A copy of the New Jersey Police Crash Investigation Report is attached hereto as Exhibit H.

15. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1).

16. KC is a foreign corporation existing under the laws of the Republic of Korea, with its principal place of business in Seoul, South Korea. See Exhibits B and G.

17. KC was, and still is, not a citizen of New Jersey, or the United States, within the meaning of 28 U.S.C. § 1332.

18. KA is a California corporation, with its principal place of business in the state of California. See Exhibits B and F.

19. KA was, and still is, a citizen of California within the meaning of 28 U.S.C. § 1332.

20. Milenium, a New Jersey corporation with its principal place of business in New Jersey—and therefore a citizen of New Jersey within the meaning of 28 U.S.C. § 1332—was voluntarily dismissed from this action on October 12, 2021. Nancy Cavanaugh, also allegedly a New Jersey citizen and joined by Milenium as a third party, was voluntarily dismissed as a third party on October 13, 2021. These two dismissals provide the basis for diversity jurisdiction between Plaintiff and remaining Defendants pursuant to 28 U.S.C. § 1446(c). See Exhibits C, D, E and H.

21. KC and KA are filing this Notice of Removal within thirty days of the dismissals of Milenium and Nancy Cavanaugh. See Exhibits D and E.

22. This case was timely removed within one year of commencement to the appropriate Federal District Court pursuant to 28 U.S.C. § 1446(c).

23. Plaintiff seeks actual damages, punitive damages, statutory damages, and attorneys' fees. See Exhibit B. Removal is proper under 28 U.S.C. § 1446 as the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332; 28 U.S.C. § 1446.

24. Venue is proper in this Court because the Superior Court of New Jersey, Atlantic County, where this case was originally filed, is in this District. See 28 U.S.C. § 1446(a).

25. Pursuant to 28 U.S.C. § 1446(d), KC and KA are serving a copy of this Notice of Removal on all counsel of record. Notice of the filing of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Atlantic County.

26. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" KC and KA prior to the filing of this Notice of Removal are attached as Exhibits A-G.

27. By removing this action from the Superior Court of New Jersey, Atlantic County, Defendants KC and KA confirm this Notice of Removal complies with the relevant removal statutes.

## NON-WAIVER OF DEFENSES

28. By removing this action from the Superior Court of New Jersey, Atlantic County, Defendants KC and KA do not waive any defenses available to them.

29. By removing this action from the Superior Court of New Jersey, Atlantic County, Defendants KC and KA do not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendants, Kia Corporation and Kia America, Inc., effect the removal of this action from the Superior Court of New Jersey, Atlantic County, to the United States District Court for the District of New Jersey.

                        LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO

BY: _____
        Gerard Cedrone, Esquire/N.J. Bar No. 015671983
        Leland I. Kellner, Esquire/N.J. Bar No. 052741992
        1300 Route 73, Suite 307
        Mount Laurel, NJ 08054
        Tel No.:  (856) 778-5544
        Email:    gcedrone@lavin-law.com
        Email:    lkellner@lavin-law.com
        *Attorneys for Defendants, Kia Corporation and Kia America, Inc.*

Dated: November 11, 2021

## VERIFICATION PURSUANT TO D.N.J. L.CIV.R. 11.2

I, Leland I. Kellner, Esquire, certify under penalty of perjury that the foregoing is true and correct:

1. That I am familiar with the facts of this case and I make this Certification in support of Kia Corporation and Kia America, Inc.'s Notice of Removal; and

2. That Kia Corporation and Kia America, Inc. are not making this Certification because they are corporations foreign to New Jersey and I am authorized on behalf of Kia Corporation and Kia America, Inc. as their designated Counsel.

LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO

BY: _____
Leland I. Kellner, Esquire
*Attorney for Defendants, Kia Corporation and Kia America, Inc.*

Executed on: November 11, 2021

## CERTIFICATION PURSUANT TO 28 U.S.C. SECTION 1746

I, Leland I. Kellner, Esquire, certify under penalty of perjury that the foregoing is true and correct:

1. That the matter in controversy in this action is not the subject of other action pending in any other court or any other arbitration proceeding, other than those identified by Defendants in their Notice of Removal;

2. No arbitration proceeding is currently contemplated; and

3. There are no other parties, at the present time, that need to be joined in this action.

LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO

BY: _____
Leland I. Kellner, Esquire
*Attorney for Defendants, Kia Corporation and Kia America, Inc.*

Executed on: November 11, 2021