# EXHIBIT "B"

 **CT Corporation**

**Service of Process
Transmittal**
03/03/2021
CT Log Number 539146037

**TO:** Mark Goldzweig
Kia Motors America, Inc.
111 Peters Canyon Rd
Irvine, CA 92606-1790

**RE:** **Process Served in New Jersey**

**FOR:** KIA MOTORS AMERICA, INC.  (Domestic State: CA)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHARLES J. LYLES, etc., Pltf. vs. KIA MOTORS CORPORATION, et al., Dfts. // To: KIA MOTORS AMERICA, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Amended Complaint, Attachments |
| **COURT/AGENCY:** | Atlantic County Superior Court - Law Division, NJ Case # ATLL00063121 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - Product Name:2015 Kia Soul VIN:KNDJN2A22F7194516 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/03/2021 at 13:38 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date you receive this Summons, not counting the date you receive it |
| **ATTORNEY(S) / SENDER(S):** | Andrew J. D'Arcy D'ARCY JOHNSON DAY, P.C. 3120 Fire Road, Suite 100 Egg Harbor Township, NJ 08234 609-641-6200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/04/2021, Expected Purge Date: 03/09/2021 |
| | Image SOP |
| | Email Notification, Mark Goldzweig  Mgoldzweig@kiausa.com |
| | Email Notification, Debbie Avalos  davalos@kiausa.com |
| | Email Notification, Wendy Seeley  wseeley@kiausa.com |
| | Email Notification, John Woo  jkwoo@kiausa.com |
| | Email Notification, Marisa Sanchez  msanchez@kiausa.com |
| | Email Notification, Elizabeth Lee  elizabethlee@kiausa.com |

 **CT Corporation**

**Service of Process Transmittal**
03/03/2021
CT Log Number 539146037

**TO:**   Mark Goldzweig
Kia Motors America, Inc.
111 Peters Canyon Rd
Irvine, CA 92606-1790

**RE:**   **Process Served in New Jersey**

**FOR:**  KIA MOTORS AMERICA, INC.  (Domestic State: CA)

**REGISTERED AGENT ADDRESS:**   C T Corporation System
820 Bear Tavern Road
West Trenton, NJ 08628
866-331-2303
CentralTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                        Wed, Mar 3, 2021

**Server Name:**                 Drop Service

| | |
|---|---|
| Entity Served | KIA MOTORS AMERICA, INC. |
| Agent Name | |
| Case Number | ATLL00063121 |
| Jurisdiction | NJ |



**D'ARCY JOHNSON DAY, P.C.**
Patrick T. D'Arcy, Esq. (036251988)
Andrew J. D'Arcy, Esq. (044811996)
Donald Grasso, Esq. (277791972)
3120 Fire Road, Suite 100
Egg Harbor Township, New Jersey 08234
(609) 641-6200

*Attorneys for Plaintiff*

| | |
|---|---|
| CHARLES J. LYLES, General Administrator and Administrator ad Prosequendum of the Estate of ALISHA RENEE WILLIAMS and General Administrator and Administrator ad Prosequendum of the Estate of AMARI KOMAN CHARLES, <br><br> Plaintiff, <br><br> vs. <br><br> KIA MOTORS CORPORATION, KIA MOTORS AMERICA, INC., MILENIUM, INC. d/b/a SPORT HYUNDAI, and JOHN DOES 1 – 100, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIV.: ATLANTIC COUNTY <br><br> Docket No.: ATL-L-000631-21 <br><br> **Civil Action** <br><br> **SUMMONS** |

**The State of New Jersey, to the above named Defendant(s):**

**KIA MOTORS AMERICA, INC.**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, your or your attorney must file a written Answer or Motion and Proof of Service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you receive this Summons, not counting the date you receive it. (The address of each deputy clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written Answer or Motion and Proof of Service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, New Jersey 08625. An $105.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to the plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services Office in the County where you live.  A list of these offices is provided, If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.


Date:  March 1, 2021

*Edward P. McGettigan*
Edward P. McGettigan, Clerk

Name of defendant to be served:        **KIA MOTORS AMERICA, INC.**

Address for service:                              c/o registered agent
                                                             CT Corporation System
                                                             820 Bear Tavern Rd.
                                                             West Trenton NJ 08628

ATLANTIC COUNTY
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY
Deputy Clerk of the Superior Court
Case Processing Section
Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609)261-1088

CAMDEN COUNTY
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

CAPE MAY COUNTY
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

ESSEX COUNTY
Deputy Clerk of the Superior Court
237 Hall of Records
465 Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(201) 622-6207
LEGAL SERVICES
(201) 624-4500

GLOUCESTER COUNTY
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street., P.O. Box 17
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

HUDSON COUNTY :
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY :
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(908) 828-0053
LEGAL SERVICES
(908) 249-7600

MONMOUTH COUNTY
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(908) 431-5544
LEGAL SERVICES
(908) 866-0020

MORRIS COUNTY
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(908) 240-3666
LEGAL SERVICES
(908) 341-2727

PASSAIC COUNTY
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson , NJ 07505
LAWYER REFERRAL
(201) 278-9223
LEGAL SERVICES
(201) 345-7171

SALEM COUNTY
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609)678-8363

SOMERSET COUNTY
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL

UNION COUNTY:
Deputy Clerk of the Superior Court
1st. Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL

LEGAL SERVICES
(609)451-0003

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

(201) 267-5882
LEGAL SERVICES
(201) 383-7400

(908) 353-4715
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(908) 475-2010

**D'ARCY JOHNSON DAY, P.C.**
Patrick T. D'Arcy, Esq. (036251988)
Andrew J. D'Arcy, Esq. (044811996)
Donald Grasso, Esq. (277791972)
3120 Fire Road, Suite 100
Egg Harbor Township, New Jersey 08234
(609) 641-6200

*Attorneys for Plaintiff*

---

| | |
|---|---|
| CHARLES J. LYLES, General Administrator and Administrator ad Prosequendum of the Estate of ALISHA RENEE WILLIAMS and General Administrator and Administrator ad Prosequendum of the Estate of AMARI KOMAN CHARLES,<br><br>                   Plaintiff,<br>vs.<br><br>KIA MOTORS CORPORATION, KIA MOTORS AMERICA, INC., MILENIUM, INC. d/b/a SPORT HYUNDAI, and JOHN DOES 1 – 100,<br><br>                 Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIV.: ATLANTIC COUNTY<br><br>Docket No.: ATL-L-000631-21<br><br>**Civil Action**<br><br>**AMENDED COMPLAINT & JURY DEMAND** |

Plaintiff, Charles J. Lyles, General Administrator and Administrator ad Prosequendum of the Estate of Alisha Renee Williams and General Administrator and Administrator ad Prosequendum of the Estate of Amari Koman Charles, through his counsel, D'Arcy Johnson Day, P.C., alleges the following for his Amended Complaint.

## NATURE OF THIS ACTION

1.    On February 26, 2019, Alisha Renee Williams, age 31, and her ten-month old son, Amari Koman Charles, were driving on County Road 575 in Atlantic County when their car, a 2015 Kia Soul, collided with another vehicle.  The mother and her infant survived the crash, but they perished tragically on the scene when the Kia caught

fire after the collision.  The Kia was fatally defective in that it failed to prevent the post-collision fire that took the life of Alisha and Amari.

2.      Plaintiff, Charles J. Lyles, brings this action as the legal representative of the estates of his deceased daughter and grandson, Alisha and Amari.  This action seeks to recover damages under the New Jersey Product Liability Act ("NJPLA") for the tragic and avoidable deaths of Alisha and Amari.  The Defendants responsible for this tragedy include the South Korean Kia automobile company and its United States subsidiary, as well as the local car dealership who sold the defective Kia to Alisha.  Additional parties responsible for the design, manufacture, assembly, distribution, sale, and/or service of the defective Kia may be named as defendants as their identity becomes known to Plaintiff.

## PARTIES AND BACKGROUND FACTS
## APPLICABLE TO ALL CLAIMS

3.      Defendant Kia Motors Corporation ("KMC") is a foreign corporation existing under the laws of the Republic of Korea with its principal place of business in Seoul, South Korea.  On information and belief, KMC maintains places of business in the United States, including at 111 Peters Canyon Road, Irvine, California 92606.  KMC was registered to do business in New Jersey with a registered agent and a registered office of record in Fort Lee, New Jersey, which registration appears to have been revoked for failure to pay annual reports on July 16, 1997.  KMC is in the business of automobile designing, testing, assembling, manufacturing, marketing, distribution, sales, leasing, and/or servicing.[1]

---

[1] Unless otherwise stated, allegations herein are made regarding all times relevant to this action and believed to be true at all times relevant to this action.

4. KMC designs, manufactures, tests, and assembles Kia motor vehicles and their component parts.

5. KMC exports Kia motor vehicles to the United States.

6. Defendant Kia Motors America, Inc. ("KMA") is a California corporation with its principal place of business at 111 Peters Canyon Road, Irvine, California 92606. KMA is in the business of automobile designing, testing, assembling, manufacturing, marketing, distribution, sales, leasing, and/or servicing.

7. KMA is registered to do business in New Jersey with a registered agent and registered office in West Trenton, New Jersey.

8. KMA designs, manufactures, tests, and assembles Kia motor vehicles and their component parts.

9. KMA imports Kia motor vehicles to the United States.

10. KMA markets and distributes Kia motor vehicles for sale throughout the United States.

11. KMA is a wholly-owned subsidiary of KMC.

12. KMC and KMA shall be referred to together as the "Kia Defendants" and their conduct, acts, and omissions alleged herein shall refer to conducts, acts, and omissions on their own behalf and/or through their representatives, employees, agents, wholesalers, distributors, sellers, franchisees, and/or licensees.

13. The Kia Defendants have transacted business in New Jersey and/or have engaged in conduct impacting New Jersey.

14. The Kia Defendants have engaged in trade or commerce in New Jersey, including automobile manufacturing, assembly, advertising, promotion, service, leasing, distribution, inspection, testing, and/or sales. The Kia Defendants have manufactured,

assembled, advertised, promoted, serviced, leased, distributed, inspected, tested, and/or sold millions of passenger motor vehicles and motor vehicle component parts in New Jersey, including the 2015 Kia Soul that is at issue in this action.

15.   The Kia Defendants have purposefully and intentionally availed them-selves of the New Jersey markets and placed their products, including the product at issue in this case, into the stream of commerce in New Jersey.

16.   Defendant Milenium, Inc. d/b/a Sport Hyundai ("Milenium") is a New Jersey corporation with its principal place of business at 6831 Black Horse Pike, Egg Harbor Township, New Jersey 08234, where it owns and operates a car dealership known as Sport Hyundai.

17.   Milenium's website for Sport Hyundai states:

> **Used Cars, Trucks, and SUVs for Sale at Sport Hyundai**
>
> As a leading Hyundai dealer near Pleasantville, Sport Hyundai also has a wide variety of pre-owned cars, trucks, and SUVs for you to choose from. **Each of our used vehicles has undergone a rigorous inspection to ensure the highest quality used cars, trucks, and SUVs in New Jersey.** Stop by Sport Hyundai or search our online inventory to find the used car, truck, or SUV that is right for you. We have used cars, trucks, and SUVs for every need and budget, along with expert staff who will work to get you in the vehicle you want for an affordable price.[2]

18.   Milenium is regularly engaged in the activity of purchasing and selling used cars, including cars manufactured by the Kia Defendants.

19.   Milenium is a dealer of used cars, not an occasional seller of used cars.

---

[2] https://www.sporthyundai.net (emphasis added) (last visited February 24, 2021).

20.     Milenium is in the business of selling, leasing, and servicing new and used cars, including used automobiles manufactured by the Kia Defendants.

21.     Milenium services, inspects, and repairs used automobiles manufactured by the Kia Defendants and sells parts for automobiles manufactured by the Kia Defendants.

22.     In 2018, Alisha Renee Williams ("Alisha") purchased a 2015 Kia Soul (Vin# KNDJN2A22F7194516) from Milenium at its Sports Hyundai location in Egg Harbor Township, New Jersey (the "Vehicle").  "Vehicle" includes the component parts and accessories comprising the motor vehicle, including its engine and fuel supply system.

23.     The Vehicle was designed, manufactured, assembled, distributed, inspected, sold, and/or serviced by Defendants.

24.     On February 26, 2019, Alisha and her ten-month old son, Amari Koman Charles ("Amari"), were both killed when the Vehicle burst into flames after colliding with another car on County Road 575 (English Creek Avenue) in Egg Harbor Township, New Jersey (the "Incident").

25.     At the time of the Incident, Alisha was driving the Vehicle and Amari was the only passenger in the Vehicle.

26.     The impact from the collision of the Vehicle with the other car during the Incident did not kill Alisha and Amari.

27.     Alisha and Amari were killed by a fire in the Vehicle that ignited and was fueled by the Vehicle's various defects after the collision.

28.     The Vehicle was not designed to prevent the post-collision fire that killed Alisha and Amari.

29. The Vehicle's defects that resulted in the death of Alisha and Amari were foreseeable.

30. The Defendants knew or should have known about the Vehicle's defects that resulted in the death of Alisha and Amari on or before the date Alisha purchased the Vehicle from Milenium.

31. Alisha's father and Amari's grandfather, Charles J. Lyles, is the Plaintiff in this action as the General Administrator and the Administrator ad Prosequendum of the Estates of Alisha and Amari.

32. The injuries and deaths of Alisha and Amari as well as all damages sought by Plaintiff were caused by the actionable conduct and omissions of the Defendants.

33. Defendants acted with actual malice and/or with wanton and willful disregard of the rights of others, including Alisha and Amari, by designing, manufacturing, distributing, servicing, testing, inspecting, selling, and/or re-selling a fatally defective motor vehicle.

## COUNT ONE
### (Against the Kia Defendants – NJPLA Strict Liability)

34. Plaintiff repeats, re-alleges, and incorporates the foregoing paragraphs.

35. The Vehicle was designed in a defective manner by the Kia Defendants.

36. There was a reasonable alternative design that was available, feasible, and safe.

37. The risks of the Vehicle's defective design outweighed the benefits to the consumer.

38. The Vehicle suffered from a manufacturing defect, which was a deviation from the design specifications, formulae, or performance standards of the manufacturer

or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

39.    The Kia Defendants had a duty to provide adequate warnings about the dangers of the Vehicle but breached that duty by failing to provide such warnings to foreseeable users and/or consumers.

40.    The Kia Defendants failed to provide any warning to consumers, including Alisha and Amari, that the Vehicle was subject to post-collision fires, even though the Kia Defendants knew or should have known of those defects.

41.    The Vehicle was not reasonably fit, suitable, or safe for its intended purpose.

42.    The Vehicle was defective when it left the Kia Defendants' control.

43.    Prior to the Incident, the Kia Defendants sold, exported, imported, distributed, leased, serviced, and/or inspected the Vehicle.

44.    The Vehicle's defects caused injuries and death of Alisha and Amari, who were reasonably foreseeable or intended users of the Vehicle.

45.    The Vehicle's defects were unknown to Alisha and Amari.

46.    The Kia Defendants are strictly liable to Plaintiff for the damages alleged herein.

**WHEREFORE**, Plaintiff demands judgment against the Kia Defendants jointly, severally and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of New Jersey, including punitive damages, together with interest thereon, costs of suit, attorney's fees, and such other relief as this Court shall deem equitable and just.

## COUNT TWO
### (Against Milenium – NJPLA Strict Liability)

47.   Plaintiff repeats, re-alleges, and incorporates the foregoing paragraphs.

48.   Prior to the Incident, Milenium inspected, serviced, leased and/or sold the Vehicle.

49.   Milenium regularly purchases and sells motor vehicles, including Kia motor vehicles, to/from consumers after inspecting and servicing those vehicles.

50.   Milenium sold the Vehicle to Alisha.

51.   Milenium knew or should have known that the Vehicle was defective.

52.   Milenium had a duty to warn Alisha that the Vehicle was defective.

53.   Milenium did not warn Alisha that the Vehicle was defective.

54.   The Vehicle was not reasonably fit, suitable, or safe for its intended purpose when Milenium sold it to Alisha.

55.   The Vehicle was defective when it left Milenium's control.

56.   The Vehicle's defects caused injuries and death of Alisha and Amari, who were reasonably foreseeable or intended users of the Vehicle.

57.   The Vehicle's defects were unknown to Alisha and Amari.

58.   Milenium is strictly liable to Plaintiff for the damages alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Milenium jointly, severally and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of New Jersey, including punitive damages, together with interest thereon, costs of suit, attorney's fees, and such other relief as this Court shall deem equitable and just.

## COUNT THREE
### (Against All Defendant - Negligence)

59.     Plaintiff repeats, re-alleges, and incorporates the foregoing paragraphs.

60.     Defendants owed Plaintiff a duty to exercise reasonable care in the design, testing, manufacture, assembly, sale, inspection, distribution, and servicing of the Vehicle, including a duty to assure that the Vehicle would not cause injuries and death.

61.     Defendants knew or should have known that the Vehicle was defective, and that the Vehicle had a propensity for post-collision fires and to cause injuries and death.

62.     Defendants failed to warn the public, including Alisha, that the Vehicle had a propensity for post-collision fires and to cause injuries and death.

63.     Defendants breached their duty of care to Plaintiff.

64.     Defendants' negligent acts and omissions were the direct and proximate cause of Plaintiff's damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of New Jersey, including punitive damages, together with interest thereon, costs of suit, attorney's fees, and such other relief as this Court shall deem equitable and just.

## COUNT FOUR
### (Wrongful Death)

65.     Plaintiff repeats, re-alleges, and incorporates the foregoing paragraphs.

66.     This action is instituted and maintained through Plaintiff as the General Administrator and the Administrator ad Prosequendum of the Estates of Alisha and Amari pursuant to the New Jersey Wrongful Death Act.

67.     This action is instituted and maintained for the benefit of the Estates of Alisha and Amari pursuant to the provisions of the New Jersey Wrongful Death Act, under the theories of liability alleged herein for such damages and pecuniary loss that the next of kin of the Estates have sustained as a consequence of the deaths Alisha and Amari.

68.     This action is commenced within two years of the deaths of Alisha and Amari.

69.     As a result of the deaths of Alisha and Amari, Plaintiff suffered and will continue to suffer in the future much harm, loss, injury, and damage.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of New Jersey, including punitive damages, together with interest thereon, costs of suit, attorney's fees, and such other relief as this Court shall deem equitable and just.

**COUNT FIVE**
**(Survivorship)**

70.     Plaintiff repeats, re-alleges, and incorporates the foregoing paragraphs.

71.     This action is instituted and maintained through the General Administrator and the Administrator ad Prosequendum for the Estates of Alisha and Amari, pursuant to the New Jersey Survival Act.

72.     Plaintiff seeks those benefits to which the Estate are entitled pursuant to the New Jersey Survival Act under the theories of liability alleged herein for such damages as Enrique, Alisha and Amari would have been entitled to recover from Defendants had they not perished.

73.     This action is commenced within two years of the aforementioned deaths.

**WHEREFORE**, Plaintiffs demand judgment against Defendants jointly, severally and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of New Jersey, including punitive damages, together with interest thereon, costs of suit, attorney's fees, and such other relief as this Court shall deem equitable and just.

**COUNT SIX**
**(Fictitious Party)**

74.    Plaintiff repeats, re-alleges, and incorporates the foregoing paragraphs.

75.    Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who may be responsible for the causation of the injuries and/or death suffered by Alisha and Amari and damages sought in this action by Plaintiff.  For the purposes of the Amended Complaint, said individuals and/or business entities have been nominated as John Does 1-100 ("Fictitious Defendants").

76.    Fictitious Defendants are presently unidentified parties that participated in the design, assembly, inspection, manufacture, testing, sale, re-sale, lease, distribution, market, repair, and/or service the Vehicle.

77.    Fictitious Defendants are liable to Plaintiff by reason of the improper and defective design, manufacture, and lack of adequate warning, and by reason of the sale of Vehicle to Alisha.

78.    Plaintiff has sustained damages as a direct and proximate result of the conduct and omissions of the Fictitious Defendants.

79.    Plaintiff reserves the right to amend the pleadings to add additional defendants when and if the identity of the Fictitious Defendants becomes known.

**WHEREFORE**, Plaintiff demands judgment against Fictitious Defendants, jointly, severally and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of New Jersey, including punitive damages, together with interest thereon, costs of suit, attorney's fees, and such other relief as this Court shall deem equitable and just.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Andrew J. D'Arcy, Esq. is hereby designated as trial counsel for Plaintiff.

**D'ARCY JOHNSON DAY**
*Attorneys for Plaintiff*

Dated:  February 26, 2021          By:   **_/s/Andrew J. D'Arcy_**
                                           Andrew J. D'Arcy

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

**D'ARCY JOHNSON DAY**
*Attorneys for Plaintiff*

Dated: February 26, 2021                    By:   **/s/Andrew J. D'Arcy**
                                                                          Andrew J. D'Arcy

## CERTIFICATION PURSUANT TO RULE 4:5-1

On information and belief, the matter in controversy is not the subject of any other action pending in any court, is not the subject of pending arbitration proceeding, and is not the subject of any other contemplated action or arbitration proceeding. I certify that the foregoing statements are true, and that if the statements are willingly false, then I may be subject to punishment.

Dated: February 26, 2021                    **/s/ Andrew J. D'Arcy**
                                                                     Andrew J. D'Arcy